# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Elaine Kelly, ) | Civil Action No.: 5:20-cv-04138-JMC |
| )  | |
| Plaintiff, ) | **ORDER** |
| ) | |
| v. ) | |
| ) | |
| Heritage Services Corporation, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on March 10, 2021. (ECF No. 12.) The Magistrate Judge recommends that the court deny Plaintiff Elaine Kelly's ("Plaintiff") Motion for Default Judgment (ECF No. 11) for failure to properly serve Defendant Heritage Services Corporation ("Defendant"). (ECF No. 12 at 7.) The Magistrate Judge further recommends that, absent a showing of good cause by Plaintiff, the court dismiss Plaintiff's complaint without prejudice. (*Id.*) For the reasons set forth below, the court **ACCEPTS IN PART** and **REJECTS IN PART** the Report. (*Id.*)

## I.     RELEVANT BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (*See* ECF No. 12.) The court will only reference additional facts that are pertinent to the analysis of the issues before it.

Plaintiff originally filed this action against Defendant on November 30, 2020. (ECF No. 1.) On December 4, 2020, Plaintiff's counsel served a copy of the Summons, the Complaint, and Plaintiffs' Answers to Local Civ. Rule 26.01 Interrogatories via certified mail with return receipt

1

requested on Defendant's registered agent, CT Corporation System. (ECF No. 6-1.) The return receipt was signed by "Lisa Culter" on December 4, 2020. (*Id.* at 2.)

Defendant has not entered an appearance in this case or filed an answer to the Complaint. On February 17, 2021, Plaintiff requested an entry of default. (ECF No. 8.) The clerk entered default on the same day. (ECF No. 10.) On February 17, 2021, Plaintiff filed a Motion for Default Judgment. (ECF No. 11.)

In the Report, the Magistrate Judge recommended that the court deny Plaintiff's Motion for Default Judgment for insufficient service of process. (ECF No. 12 at 3.) The Magistrate Judge concluded that Plaintiff's attempt to serve Defendant failed to fulfill the requirements of Federal Rule of Civil Procedure 4(e)(1) and South Carolina law because delivery of the Complaint and Summons was not "restricted to the addressee." (*Id.* at 4.) The Magistrate Judge also found that Plaintiff's attempt to serve Defendant did not comply with Federal Rule of Civil Procedure 4(h)(1)(B) because she did not effect personal service on Defendant's registered agent. (*Id.* at 5.) Since Plaintiff failed to exact proper service within ninety (90) days after her Complaint was filed as prescribed by Federal Rule of Civil Procedure 4(m), the Magistrate Judge recommended that the court dismiss Plaintiff's Complaint without prejudice absent a showing of good cause. (*Id.* at 7.)

The parties were apprised of their opportunity to file specific objections to the Report on March 10, 2021. (*Id.* at 9.) On March 23, 2021, Plaintiff filed an Objection to the Report. (ECF No. 15.)

## II.     LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a

recommendation to this court, which has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with this court. *Id.* at 271. The court reviews *de novo* only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed and reviews those portions which are not objected to for clear error, including those portions to which only "general and conclusory" objections have been made. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### III.    LEGAL STANDARD

Under Rule 4(m), a plaintiff must serve a defendant within ninety (90) days after a complaint is filed. Fed. R. Civ. P. 4(m). If a defendant is not served within this time period, then "the court – on motion, or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Lee v. Low Country Health Care Sys., Inc.*, 1:19-CV-02037-JMC, 2020 WL 2192781, at *2 (D.S.C. May 6, 2020) (quoting Fed. R. Civ. P. 4(m)). However, if the plaintiff can show "good cause" for failing to timely serve defendant within the ninety-day period, "the court must extend the time for service for an appropriate period." *Id.* (quoting Fed. R. Civ. P. 4(m)). The Fourth Circuit has identified the following six (6) factors for the court to consider in determining whether good cause exists for granting an extension: (1) the delay in service was outside the plaintiff's control; (2) the defendant was evasive; (3) the plaintiff acted diligently or made reasonable efforts; (4) the plaintiff is proceeding *pro se*; (5) the defendant will suffer prejudice; or (6) the plaintiff asked for an extension

3

of time under Federal Rule of Civil Procedure 6(b)(1)(A). *Sapphire Enterprises, LLC v. Allstate Ins. Co.*, No. 2:20-CV-1054-MBS, 2020 WL 6064506, at *4 (D.S.C. Oct. 14, 2020) (citing *Scott v. Maryland State Department of Labor*, 673 F. App'x. 299, 306 (4th Cir. 2016)). Furthermore, even if a plaintiff fails to show good cause, the court "may in its discretion grant an extension of time for service." *Giacomo-Tano v. Levine*, 199 F.3d 1327 (4th Cir. 1999) *(*citing *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996)).

Plaintiff does not object to the Magistrate Judge's recommendation that the court deny Plaintiff's Motion for Default Judgment. (*See* ECF No. 15.) Instead, Plaintiff claims that the "Magistrate Judge erred in recommending the [c]ourt dismiss the Plaintiff's Complaint" and asks the court to grant Plaintiff additional time to properly serve Defendant. (*Id.* at 1.) Plaintiff provides the following explanation for the failure of service:

> The main paralegal that was dealing with this case, has been out of the office since December 2020 as she has had two hip surgeries and is scheduled for another later this month. Other paralegals have been stepping in the [sic] assist with this paralegal's cases, and inadvertently checked the adjacent box and the documents were served via Certified Mail, Return Receipt Requested instead of via Certified Mail, Return Receipt Requested, Restricted Delivery.

(*Id.* at 2.)

Here, Plaintiff has not shown "good cause" for failing to serve Defendant within the ninety-day period. Plaintiff claims that the failure in service resulted from a paralegal checking the incorrect box on the return receipt. Thus, the delay in service was entirely within Plaintiff's control and was a result of Plaintiff's lack of diligence. Such inadvertence does not constitute good cause. *Anderson v. Iron Will, Inc.*, No. 07-0808-WS-B, 2008 WL 2157145, at *2 (S.D. Ala. May 16, 2008) (citing *Gallien v. Guth Dairy, Inc.*, 136 F.R.D. 110, 111 (W.D. La. 1991)) ("Neither inadvertence of [the] attorney nor secretarial misdeeds constitute good cause[.]").

Nevertheless, the court finds that a limited extension is warranted in this case. Plaintiff substantially complied with South Carolina service requirements as required by Rule 4(e)(1). Defendant will also not suffer prejudice from a limited extension. Plaintiff has represented that "the person who was supposed to receive service . . . actually got service" because the "person that accepted service for CT Corporation System was the person designed to accept service." (ECF No. 15 at 2.) Accordingly, the court declines to dismiss this matter for insufficient service of process.

## IV.     CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS IN PART** and **REJECTS IN PART** the Magistrate Judge's Report and Recommendation (ECF No. 12). The court **DENIES** Plaintiff's Motion for Default Judgment and directs Plaintiff to serve a copy of the Summons and Complaint on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure by May 19, 2021. Failure to do so may result in dismissal of this action.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 28, 2021
Columbia, South Carolina