#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF SOUTH CAROLINA
#### ORANGEBURG DIVISION

| | | |
|---|---|---|
| Elaine Kelly, | ) | Civil Action No.: 5:20-cv-04138-JMC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Heritage Services Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      Plaintiff Elaine Kelly filed this action against her former employer, Defendant Heritage Services Corporation, alleging that it terminated Plaintiff in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601–2654. (ECF No. 1.)

      This matter is before the court on Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Motion for a More Definitive Statement pursuant to Rule 12(e). (ECF No. 25.) Plaintiff does not oppose Defendant's Motion as it relates to Rule 12(b)(6). However, Plaintiff opposes Defendant's Motion for a More Definitive Statement pursuant to Rule 12(e), asserting that the Motion "seems to demand far more than what is required at the initial pleading phase of litigation." (ECF No. 30 at 4.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(g) D.S.C., the matter was referred to a United States Magistrate Judge for pretrial handling. On July 12, 2021, the Magistrate Judge issued a Report and Recommendation recommending that the court grant Defendant's Motion to Dismiss and for a More Definitive Statement, dismiss "Plaintiff's claims for violation of public policy and for punitive damages," and afford Plaintiff "an opportunity to provide a more definite statement as to her FMLA claim within fourteen days." (ECF No. 31 at 7.) Plaintiff did not file Objections to the Report and Recommendation but did file an Amended Complaint on July 26, 2021. (*See* ECF No.

1

33.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's recommendation (ECF No. 31) and **GRANTS** Defendant's Motion to Dismiss and for a More Definitive Statement. (ECF No. 25.)

## I.     RELEVANT BACKGROUND

Plaintiff filed the instant action against seeking lost pay and work benefits, punitive damages, and reinstatement of her former employment position for Defendant's alleged violation of the FMLA. (ECF No. 1 at 1, 28.) Plaintiff alleges that her termination from her position as a Heritages Services Corporation Counselor on December 27, 2018 was in "retaliation for taking leave under the FMLA." (*Id.* at 22.) Plaintiff explains in the Complaint that her mother fell ill on November 24, 2018, and that she was denied FMLA leave by Defendant because she was "not qualified" for that type of leave. (*Id.* at 14-16.) The Complaint also describes Plaintiff taking leave for her own medical issues from December 3, 2018 to December 18, 2018. (*Id.* at 18.) According to the Complaint, Plaintiff called both her supervisor and human resources manager to inform them on December 19, 2018, that her mother would be taken off life support, but neither person answered or called her back. (*Id.* at 19.) Plaintiff alleges that she was terminated on December 27, 2018, because she "abandoned her job" and that her supervisor and HR manager intentionally withheld the information about Plaintiff requesting FMLA leave and being placed under doctor's care from Defendant's vice president in order to make her absence from work appear intentional. (*Id.* at 21.)

Defendant responded on June 1, 2021, arguing that Plaintiff's claim of a public policy violation and her request for punitive damages should both be dismissed under Rule 12(b)(6). (ECF No. 25 at 1–4.) Defendant further argued that the original Complaint had several contradictions and confusing statements and asked the court for a more definite statement. (*Id.* at

5.) In her reply, Plaintiff conceded that the public policy and punitive damages claims should be dismissed but argued that her Complaint did contain a "short and plain statement of a claim showing that the pleader is entitled to relief." (ECF No. 30 at 3-4.) However, Plaintiff did clarify that she was claiming a violation of the FMLA for failing to approve her request for leave during both her and her mother's health struggles and noted that she is able and willing to amend the Complaint if required by the court. (*Id.* at 4.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., the Magistrate Judge issued her Report and Recommendation on July 12, 2021, recommending that Defendant's Motion to Dismiss and for a More Definitive Statement be granted as to Plaintiff's claims. (ECF No. 31.) On July 26, 2021, Plaintiff filed an Amended Complaint, which was answered by Defendant on August 9, 2021. (*See* ECF Nos. 33, 36.)

## II.    LEGAL STANDARD

A.    The Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed and reviews those portions which are not objected to - including those portions to which only "general and conclusory" objections have been made - for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

B.	Motions to Dismiss Pursuant to Rule 12(b)(6) for Failure to State a Claim

When considering a Rule 12(b)(6) challenge, the Rule "must be applied in conjunction with the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a)." *Jenkins v. Fed. Bureau of Prisons*, C/A No. 3:10-1968-CMC-JRM, 2011 WL 4482074, at *2 (D.S.C. Sept. 26, 2011). Rule 8(a) provides that to be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should be granted if it appears certain that the plaintiff can prove no set of facts that would support their claim and would entitle them to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

C.	Motions for a More Definite Statement Pursuant to Rule 12(e)

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). However, such a motion must also be considered "in light of the liberal pleading standards of Rule 8(a)." *Hubbs v. Cty. of San Bernardino, CA*, 538 F. Supp. 2d 1254, 1262 (C.D. Cal. 2008). When a "'defendant is unclear

about the meaning of a particular allegation in the complaint, the proper course of action is not to move to dismiss but to move for a more definite statement.'" *Potts v. Howard Univ.*, 269 F.R.D. 40, 42 (D.D.C. 2010) (quoting *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 725 (7th Cir. 1986)).

### III.     ANALYSIS

A.     The Report and Recommendation

As a result of Plaintiff's concession, the Magistrate Judge recommended "dismissal of Plaintiff's claims for violation of public policy and for punitive damages." (ECF No. 31 at 5 (citing ECF No. 30 at 3–4).) The Magistrate Judge further recommended that the court grant Defendant's Motion for a More Definite Statement because "Defendant cannot adequately prepare a response to Plaintiff's [C]omplaint when it is unknown what FMLA claim(s) Plaintiff is asserting and where the underlying factual support is unclear." (*Id.* at 7.)

The Magistrate Judge advised the parties of their right to file specific written objections to the Report within fourteen (14) days of the date of service or by July 26, 2021. (ECF No. 31 at 8 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)).) However, neither of the parties filed any objections before the deadline.[1] Instead, Plaintiff filed an Amended Complaint on July 26, 2021, which Defendant answered on August 9, 2021. (ECF Nos. 33, 36.)

B.     The Court's Review

   *1. Defendant's Motion to Dismiss*

Defendant argues that Plaintiff failed to state a claim for a "violation of Public Policy" and

---

[1] In the absence of a timely objection to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting an advisory committee note on Fed. R. Civ. P. 72).

that her claim for punitive damages should be dismissed because punitive damages are not available under the FMLA. (ECF No. 25 at 1–4.) Plaintiff concedes that both claims should be dismissed because the public policy claim was a "scrivener's error" that should not have been included and agrees that the FMLA does not allow for punitive damages. (ECF No. 30 at 3–4.) Therefore, the court grants Defendant's Motion to Dismiss Plaintiff's public policy and punitive damages claims.

   *2. Defendant's Motion for a More Definite Statement*

Defendant appears to request no more than what Rule 8 requires, which is a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a) does not require fact pleading, only that the complaint "provide fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Suprema*, NA 534 U.S. 506, 512 (2002). "Whether to grant a Rule 12(e) motion is within the discretion of the trial court." However, the motion is not usually favored by courts because "pleadings in federal courts are only required to fairly notify the opposing party of the nature of the claim." "[The motion] should not be granted unless the defendant cannot frame a responsive pleading." *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp. 940, 949 (E.D. Cal. 1981) (citing *Boxall v. Sequoia Union High School Dist.*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979)).

Here, Plaintiff is not clear on the exact nature of her claim. As Defendant explains, it is unclear if Plaintiff is claiming "she was denied FMLA leave and therefore making an interference claim under the FMLA, or if her sole claim is that she was discharged for having taken FMLA leave to constitute a retaliation claim, or if she is alleging that she was discharged for having requested, but not granted, FMLA leave." (ECF No. 25 at 5.) Defendant also states that Plaintiff did not explain if the leave requests were related to "her own serious health condition, or that of

6

her mother, or both." (*Id.*) Defendant argues that paragraphs four (4), fourteen (14), fifteen (15), sixteen (16), seventeen (17), twenty-one (21), and twenty-two (22) of Plaintiff's original Complaint contain either contradictions or vague claims. (*Id.*) Plaintiff also failed to provide specific dates for many of the allegations therein. (*See* ECF No. 1.) For example, as Defendant points out, there are no dates to specify when Plaintiff's many alleged requests for leave were requested or denied. (*Id.*) As such, the Complaint is ambiguous and indefinite with respect to when and where the allegations took place, and without this information Defendants cannot properly and safely prepare a responsive pleading.

While Plaintiff is not required to provide every detail, Defendant does raise a legitimate concern that they are unable to properly respond due to the lack of information regarding vague allegations and specific timeframes. In addition, Plaintiff attempts to clarify some of Defendant's questions in her Reply, and states that she is "willing and able to amend her Complaint to clarify any further details." (ECF No. 30 at 4.) Therefore, while a complete dismissal is not warranted for these defects, the court shall grant Defendant's Motion for a More Definitive Statement.

## IV.     CONCLUSION

For the foregoing reasons, the court hereby **GRANTS** Defendant Heritage Services Corporation's Motion to Dismiss and for a More Definitive Statement. (ECF No. 25.) Plaintiff's public policy claim and claim for punitive damages are **DISMISSED** from this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court recommits the matter to the Magistrate Judge for further proceedings regarding Plaintiff's Amended Complaint.

The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 31) and incorporates it herein by reference.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 2, 2021
Columbia, South Carolina